# KRAMER ET AL. *v.* UNITED STATES.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 680. Argued December 13, 14, 1917.—Decided January 14, 1918.

After an examination of the entire record, the court finds no merit in the contention that the case should have been withheld from the jury for want of evidence tending to show the accused guilty of the crime charged—a conspiracy (with overt acts) to violate the Selective Draft Law, by dissuading persons from registering.

As to other questions, the case is indistinguishable from *Goldman* v. *United States*, *ante*, 474, and is decided on the authority of that case and the *Selective Draft Law Cases*, *ante*, 366.

Affirmed.

THE case is stated in the opinion.

*Mr. Harry Weinberger* for plaintiffs in error.

*The Solicitor General*, with whom *Mr. Robert Szold* was on the brief, for the United States. See *ante*, 368.

*Mr. Hannis Taylor* and *Mr. Joseph E. Black*, by leave of court, filed a brief as *amici curiæ*.

*Mr. Walter Nelles*, by leave of court, filed a brief as *amicus curiæ*.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In this case, as in No. 702, just previously decided, *ante*, 474, because of constitutional questions the case was brought here by direct writ of error, with the object of re-

viewing and reversing a conviction and sentence under an indictment charging an unlawful conspiracy to induce persons, whose duty it was to register under the Selective Draft Law, not to perform that duty, and alleging overt acts done for the purpose of carrying out the illegal conspiracy. The defenses were substantially the same as those urged in the previous case and the assignments of error made at the time of the allowance of the writs were identical. In fact, at bar the propositions and arguments relied upon in the previous case were stated to be controlling in this. But, therefore, for the fact that there was different evidence in the two cases, the considerations which control the one control the other. No distinction, however, results from that difference, since we are of opinion in this case as we were in the other, after an examination of the entire record, that the contention that there was no evidence tending to show guilt. and hence the case should have been taken from the jury, is without merit.

As thus any conceivable distinction between the two cases is removed, it follows that for the reasons stated in the *Goldman Case, ante,* 474, just decided, and in the *Arver Case,* [*Selective Draft Law Cases*] *ante,* 366, as to the constitutional questions, the judgment below in this case must be and it is

*Affirmed.*